Kip Evan Steinberg (SBN 096084)
LAW OFFICE OF KIP EVAN STEINBERG
Courthouse Square
1000 Fourth Street, Suite 600
San Rafael, CA 94901
Telephone: 415-453-2855
Facsimile: 415-456-1921
kip@steinberg-immigration-law.com

**Attorney for Plaintiff AZIN MORTAZAVI**

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AZIN MORTAZAVI,<br><br>       Plaintiff,<br><br>v.<br><br>ROSEMARY MELVILLE, District Director USCIS San Francisco District Office<br>EMILIO T. GONZALEZ, Director, USCIS<br>MICHAEL CHERTOFF, Secretary Department of Homeland Security<br>MICHAEL MUKASEY, Attorney General, Department of Justice<br>       Defendants | **No. C 07-3768 SI**<br><br>**PLAINTIFF'S REPLY**<br><br>**No Hearing By Stipulation and Court Order** |

### I. THE DELAY IS UNREASONABLE

The consensus view of all the judges in the Northern District of California who have considered the matter is that a processing delay in an adjustment of status case of approximately two years due to an uncompleted FBI name check is unreasonable as a matter of law. *Clayton v. Chertoff,* 2007 WL 2904049 (N.D. Cal.) at *6. Defendants place much emphasis on the fact that the delay in this case is "less than two years", (Defendant's Motion for Summary

*Mortazavi v. Melville (No. C 07-3768 SI)*
Plaintiff's Reply

1  Judgment ("MSJ") p.2 and Defendants' Reply ("Reply") p. 7.)  as if there is
2  something magical that transforms a delay from "reasonable" to "unreasonable"
3  at the stroke of midnight on 730th day of delay.  There is no such precise
4  boundary.  However, in emphasizing this point,  Defendants implicitly
5  acknowledge that a delay that actually reaches the two year mark is
6  presumptively  unreasonable.  As of December 14, 2007, the period of delay in
7  this case is just three  weeks shy of two years.  This is "approximately two
8  years" and has thus reached the point where it can be considered
9  unreasonable as a matter of law.[1]

10  Defendants state that "Plaintiff's name check *evidently* requires more
11  intensive review...In essence, comparing her case to those processed within
12  "normal" processing times equates to comparing apples with oranges. Plaintiff's
13  case is simply not ordinary."  Reply at 8.  (emphasis added)  However,
14  Defendants offer a mere assertion instead of evidence.  They do not offer any
15  facts or even a scintilla of evidence that there is anything in Plaintiff's
16  background that requires more intensive review.  Nor do Defendants offer any
17  evidence as to when USCIS requested the FBI name check.  Rather, it is simply
18  "evident" to Defendants that this long  delay must be "reasonable" because the
19  process is taking a long time.  This is circular logic.  This lack of evidence
20  strongly supports a conclusion that the delay is unreasonable as a matter of
21  law.  *Wang Yi Chao v. Gonzales*, 2007 WL 3022548 (N.D. Cal.) at *6 ("The
22  government has made no showing of any special circumstances or

---

[1] USCIS actually has a financial disincentive to process Plaintiff's case in a timely manner.  This is because  while her case remains pending, USCIS collects substantial filing fees every year that she must reapply for employment authorization and advance parole in order to travel abroad.

*Mortazavi v. Melville (No. C 07-3768 SI)*
Plaintiff's Reply                                                2

justifications relating to this Plaintiff specifically that would rebut the presumption that such a delay is unreasonable. Accordingly, the delay is unreasonable.")

## II.  THE LEGAL DUTY OF THE ATTORNEY GENERAL

The Attorney General is properly named as a defendant because he has a legal duty to acquire, collect, classify, and preserve identification, criminal history information, and other records and exchange such records and information with authorized officials of the Department of Homeland Security.

### A.  28 U.S.C. §534(a)

This Court has jurisdiction to compel the Attorney General's legal duty under 28 U.S.C. §534(a) to provide the name check through the FBI, or in the language of the statute," exchange such records and information" within a reasonable time.

Defendants' argument rests on the assumption that name checks involve only a review of the FBI's investigative files and do not involve a review of any criminal history information.  Reply at 2.  However, Defendants have offered <u>no evidence</u> to support these assertions.  Ironically, Defendants have previously offered evidence which appears to contradict this position.  <u>See</u> Fact Sheet "Immigration Security Checks - How and Why the Process Works" p.2 attached to Defendants' Motion for Summary Judgment as Ex. 1.  "The records maintained in the FBI name check process consist of administrative, applicant, **criminal**, personnel **and other files** compiled by law enforcement."(emphasis

added)² Furthermore, according to the "FBI File Fact Sheet" provided by the FBI to Plaintiff (Appendix Four p.15 attached to Plaintiff's Cross Motion For Summary Judgment) "The National Name Check Program (NNCP) conducts a search of the FBI's Universal Index to identify **any** information contained in FBI records that may be associated with an individual and provides the results of that search to the requesting Federal, State or local agency." (emphasis in original).

Under 28 U.S.C. §534(a) the Attorney General has the legal duty to 1) acquire, collect, classify, and preserve **identification**, **criminal identification, crime, and other records**; and 2) exchange such **records and information** with, and for the official use of, authorized officials of the Federal Government..." such as USCIS. (emphasis added). Assuming *arguendo* that name checks only covered investigative files, as alleged by Defendants, these investigative files would be covered by the "identification" and "other records" language in 28 U.S.C. §534(a). In any case, it is clear from Defendants' "Fact Sheet" that name checks do cover criminal records and therefore fit squarely within the purview of 28 U.S.C.§534(a) even if one adopts Defendants' restricted view of the statute.

**B. 8 U.S.C. §1105(b)**

This Court has jurisdiction to compel the Attorney General's legal duty under 8 U.S.C. §1105(b) to provide the name check through the FBI, or in the language of the statute, "provide the... (Immigration) Service access to the criminal history record information contained in the National Crime

---

²See also, Declaration of Ronald Nelson, attached to Defendants' MSJ at ¶4 (same).

*Mortazavi v. Melville (No. C 07-3768 SI)*
Plaintiff's Reply                                4

Information Center's Interstate Identification Index and to any other files maintained by the National Crime Information Center that may be mutually agreed upon by the Attorney General and the (Department of Homeland Security) for the purpose of determining whether or not a visa or applicant for admission has a criminal history record indexed in any such file" within a reasonable time.

As discussed in the previous section, the USCIS Fact Sheet confirms that the FBI name check process includes a review of criminal records in the FBI databases. That being the case, 8 U.S.C. §1105(b) provides an additional source of a legal duty of the Attorney General to provide this information to USCIS within a reasonable period of time, as required by the Administrative Procedure Act. See, *Singh v. Still*, 470 F. Supp.2d 1064, 1068 (N.D. Cal. 2007)

### III. COURT DECISIONS

The Attorney General has been found to be a proper defendant in adjustment of status mandamus cases. *Singh,* 470 F. Supp.2d at 1068. Plaintiff recognizes that some other courts have concluded that the Attorney General is not a proper defendant in adjustment of status mandamus cases. However, Plaintiff submits this discussion is dicta in the cases cited by Defendants. Plaintiff is unaware of any case which has decided this question on the legal merits.[3]

---

[3] Plaintiff has named the Attorney General as a Defendant for two reasons: 1) It may make the Defendants' communication with the FBI about the status of a name check or possibly expediting a name check easier. In other words, having the Attorney General as a Defendant may have the effect of making the FBI more responsive; 2) If the Attorney General is a Defendant, this Court can directly order the Attorney General to expedite the name check.

*Mortazavi v. Melville (No. C 07-3768 SI)*
Plaintiff's Reply                          5

### IV. THE LEGAL DUTY OF USCIS

No statute requires USCIS to incorporate the FBI name check into its adjudication of applications for adjustment of status.[4] However, since USCIS has adopted a policy making an FBI name check a mandatory part of that adjudication process, and USCIS owes a legal duty to process Plaintiff's application for adjustment of status within a reasonable time, USCIS cannot avoid its legal duty by claiming it is powerless to act due to the FBI's delay in providing a name check. Under the APA, "[t]he critical issue is not whether a particular branch of the federal government is responsible for the delay; it is whether the individual petitioner versus the government *qua* government is responsible." *Singh*, 470 F. Supp.2d at 1068 (rejecting argument that USCIS "cannot be blamed for slowness of the name check because it is the responsibility of the FBI").

### V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks the Court to deny Defendants' motion and grant Plaintiff's motion for summary judgment.

Dated:   December 14, 2007                    Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　　　　_____/s/_____

　　　　　　　　　　　　　　　　　　　　　　　Kip Evan Steinberg
　　　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff MORTAZAVI

---

[4] See *Exhibit A*: <u>CIS Ombudsman Annual Report 2007</u> for a critical review of the USCIS name check policy, particularly the section entitled "Impact of Long Pending FBI Name Checks on USCIS Customers" at page 39.

*Mortazavi v. Melville (No. C 07-3768 SI)*
Plaintiff's Reply                    6